UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-00306-JGB (GJS) | Date | February 5, 2018 |
|---|---|---|---|
| Title | Elizabeth Lopez v. Carolyn W. Colvin | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| | E. Carson | N/A |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| | None present | None present |

**Proceedings:**   (IN CHAMBERS) Order To Show Cause Re: Failure To Effect Service Of Process

On February 22, 2017, the Court issued its Amended Initial Case Management Order [Dkt. 7, "ICMO"]. The ICMO expressly advised Plaintiff that she was required to effect service of process on the Defendant as required under the specified provisions of the Federal Rules of Civil Procedure and the Code of Federal Regulations, and moreover, described for Plaintiff exactly what she needed to do. [ICMO ¶ IV.A.] In addition, the ICMO ordered Plaintiff to file a proof of service within 30 days, showing that service of process had been effected, and cautioned Plaintiff that "[f]ailure to comply with this section may result in dismissal." [*Id.*]

Plaintiff did not file the required proof of service and there is no evidence that Defendant has been served with process. The time for effecting service of process expired in late May 2017. *See* Fed. R. Civ. P. 4(m).[1] Plaintiff has not requested an extension of the Rule 4(m) deadline or otherwise communicated with the Court since the

---

[1] Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 90 days of filing the complaint, federal district courts have the authority to sua sponte dismiss an action without prejudice, after notice to the plaintiff. If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service. *Id.*; *see also Muhammed v. Department of Treasury*, 1998 WL 986245, at *3 (C.D. Cal. Nov. 19, 1998). The burden of establishing good cause is on the plaintiff. *Id.*, at *4.

# CIVIL MINUTES - GENERAL

| Case No. | EDCV 17-00306-JGB (GJS) | Date | February 5, 2018 |
|---|---|---|---|
| Title | Elizabeth Lopez v. Carolyn W. Colvin | | |

Complaint was filed on February 17, 2017. Thus, it is unclear that Plaintiff intends to prosecute this action.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed due to her failure to take the necessary steps to effect service of process. If Plaintiff wishes this action to proceed, then **by no later than March 7, 2018**, she shall file a response to this Order, in which she must: request an extension of the Rule 4(m) period; explain why she has not complied with the ICMO and her obligation under Rule 4(m) to effect service of process on a timely basis; and establish good cause for her conduct and any requested extension of the Rule 4(m) deadline.

*Plaintiff is cautioned that, absent a timely response from her establishing good cause, the Court will recommend that this action be dismissed under Rule 4(m).*

**IT IS SO ORDERED.**