# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH V. LOPEZ,<br><br>Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | Case No. 5:17-cv-00306-JGB (GJS)<br><br>**ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE UNDER FED. R. CIV. P. 4(M)** |

## INTRODUCTION

Plaintiff initiated this action on February 17, 2017 with the filing of her Complaint. [Dkt. 1.] On February 22, 2017, United States Magistrate Judge Gail J. Standish granted Plaintiff's request to proceed in forma pauperis and issued an Initial Case Management Order. [Dkts. 5, 7.] The Initial Case Management Order expressly advised Plaintiff that she was required to effect service of process on the Defendant as required under the specified provisions of the Federal Rules of Civil Procedure and the Code of Federal Regulations, and moreover, described for Plaintiff exactly what she needed to do. [*See* Dkt. 7 at pp. 4-5.] In addition, the Initial Case Management Order ordered Plaintiff to file a proof of service within 30 days, showing that service of process had been effected, and cautioned Plaintiff that "[f]ailure to comply with this section may result in dismissal." [*Id.*] On February 5,

2018, the Court issued an Order To Show Cause why this action should not be dismissed due to Plaintiff's failure to take the necessary steps to effect service of process. [Dkt. 9.] Plaintiff was ordered to file a response by March 9, 2018 if she wished this action to proceed. [*Id.*] Plaintiff was again cautioned that "absent a timely response from her establishing good cause, the Court will recommend that this action be dismissed under Rule 4(m)." [*Id.*] Plaintiff did not file a response.

## DISCUSSION

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 90 days of filing the complaint, federal district courts have the authority to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff. If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m). The burden of establishing good cause is on the plaintiff. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992). "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*) (failure of *pro se* litigant to follow procedural rules justified dismissal of civil rights action).

Plaintiff was clearly advised of her obligation to serve process within the Rule 4(m) deadline and the consequences of failing to do so. The time for effecting service of process expired in late May 2017. *See* Fed. R. Civ. P. 4(m). Given the direct warning to Plaintiff in the Initial Case Management Order, there is no cause, much less good cause, for her failure to prosecute this action by serving Defendant with the Complaint. *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (*per curiam*) (opining that Rule 4(m)'s time limit "is intended to force parties and

their attorneys to be diligent in prosecuting their causes of action," and because plaintiff did not contend that he attempted to serve defendants, was confused about the requirements of service, or was prevented from effecting timely service by factors beyond his control, a dismissal for failure to serve process was justified, even though plaintiff's claim therefore became time-barred).

In addition, Plaintiff was given the opportunity to request an extension or otherwise respond to the Order to Show Cause issued on February 15, 2018, but, again, she did not do so. *See generally Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (requiring district courts to give notice to plaintiff before dismissing under Rule 4(m)). As a result, the Court can only assume that Plaintiff lacks good cause for her failure to comply with the Court's Orders and with Rule 4(m). As no good cause has been established, Rule 4(m) mandates that this action be dismissed. Thus, under Rule 4(m), dismissal of this action, without prejudice, is warranted.

**IT IS SO ORDERED.**

DATE: March 27, 2018

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE